## STATE v. ABE ALLISON.

(Filed 12 May, 1915.)

**Burglary—Identification—Evidence—Questions for Jury.**

> Whether the evidence is sufficient to be submitted to the jury and to sustain their verdict is a question of law; and in this case it is held sufficient, though there are several circumstances, consistent with the prisoner's innocence, to identify him as the one charged with, tried for, and convicted of burglary in the first degree.

APPEAL by defendant from *Adams, J.,* at October Term, 1914, of IREDELL.

The prisoner was convicted of burglary in the first degree and sentenced to be electrocuted, and from the judgment pronounced against him appeals.

The prisoner requested his Honor to instruct the jury that the evidence was not sufficient to justify a conviction and that the jury·must return a verdict of not guilty, which was refused, and the prisoner excepted, and this is the only exception presented by the appeal.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. D. Turner for defendant.*

ALLEN, J.   The evidence establishes the fact that the crime charged in the bill of indictment was committed, that is, that some one broke and entered the dwelling-house of the prosecutrix, then actually occupied as a sleeping apartment, in the nighttime, with intent to commit a felony, and the only debatable question raised by the prayer for instruction is whether there is evidence which ought to have been submitted to the jury that the prisoner is the perpetrator of the crime.

The evidence is not satisfactory, and several of the circumstances relied upon to prove guilt are consistent with innocence; but we cannot say that there was no evidence for the consideration of the jury.  As was said in *S. v. Hawkins,* 155 N. C., 470, quoting from *S. v. White,* 89 N. C., 464, "It is well settled law that the court must decide what is evidence, and whether there is any evidence to be submitted to the jury pertinent to an issue submitted to them.  It is as well settled that if there is evidence to be submitted, the jury must determine its weight and effect"; and again, when speaking of circumstances relied on.by the State, "The court cannot, however, decide that they are true or false; that is for the jury; but it must decide that, altogether, they make some evidence to be submitted to the jury."

The prisoner is a negro man, and the evidence introduced by the State tends to prove that the crime was committed by ·a negro, because the

prosecutrix testified that when she was awakened by feeling the hand of some one upon her person, she threw up her hand and it fell on the head of a negro; that the prisoner lived within 260 steps of the home of the prosecutrix, and no other negro lived nearer than 2 miles; that the prosecutrix is a married woman; that her husband had been away from home for several days and she was alone, except she had with her three small children, the oldest 5 years of age; that the prisoner knew these facts; that on Saturday before the crime was committed the prisoner was at the home of the prosecutrix and spoke of the fact that her husband was away, saying that he ought not to go away and leave the prosecutrix there; that it was real dangerous and too lonesome; that he said this three or four times; that on the afternoon before the crime was committed the prisoner went to the home of the prosecutrix three times, once at 2 o'clock to get apples, again at 4 o'clock to carry the mail, and at 5 o'clock to get water from the well; that he had never gotten water from the well before, and used water from a spring near his house; that when the prosecutrix was awakened on the night the crime was committed, by finding some one in her room, she ran from the house screaming, going in the direction of the house of the prisoner, and when about halfway between the two houses she stepped in a ditch and screamed again; that the prisoner, dressed in his night clothes and barefooted, then came to her, coming from the bushes and from the south, his home being towards the north; that the prosecutrix asked him why he waited so long before coming to her, and he said he waited to load his gun; that he had no gun with him; that the wife of the prisoner then joined them, and he and she went with the prosecutrix to her home for the purpose of getting her children; that when they reached the home they looked for tracks under the window and found one, which was a barefoot track; that the defendant said, "There are tracks, and the one who made them had on shoes"; that there was also a barefoot track on a shirtwaist which had been left on the floor in the room where the prosecutrix was sleeping; that the prisoner and his wife went with the prosecutrix to the home of a neighbor; that the prisoner said to this neighbor on that night that he was glad that he was at his home, or the crime would have been laid on him; that there was a barefoot track under the window through which the person who committed the crime entered the house; that the foot of the prisoner was placed in this track and it fitted exactly; that there was a path leading from the direction of the home of the prosecutrix to the back door of the defendant's house; that there were tracks of bare feet along this path which indicated that they were made by some one running; that the foot of the prisoner was placed in one of these tracks and it fitted exactly, and these tracks were followed to the prisoner's house; that the prisoner told a witness the course he went when he found the prosecutrix at the ditch, and

no tracks could be found along this course; that the prisoner appeared to be excited and nervous.

There are other circumstances which are favorable to the prisoner, and which indicate that he was endeavoring to assist and protect the prosecutrix, but it is not necessary to consider these, as the sole inquiry for us is whether there was any evidence which ought to have been submitted to the jury.

We have considered the record with the care which the importance of the issue demands, and, being of opinion that there is evidence of the guilt of the prisoner, the judgment is affirmed.

No error.